IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00487-RM-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

$49,200.00 IN UNITED STATES CURRENCY,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion for Default and Final Order of Forfeiture** [Doc. # 11, filed 4/30/2013] (the "Motion for Final Order") filed by the United States. I respectfully RECOMMEND that the Motion for Final Order be GRANTED and that a final order of forfeiture enter in favor of the United States.

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereafter "Supp. R.") apply to "forfeiture actions in rem arising from a federal statute. . . ." Supp. R. A(1)(B). In this case, the government seeks forfeiture of the defendant $49,200.00 in United States Currency pursuant to 21 U.S.C. § 881(a)(6), which subjects to federal forfeiture "[a]ll moneys . . .furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter." In addition, the Federal Rules of Civil Procedure apply in forfeiture proceedings to the extent that they are not inconsistent with the Supplemental Rules. Supp. R.

A(2).

The Supplemental Rules do not specify a procedure for entering a default judgment. Consequently, I look to Fed. R. Civ. P. 55(b), which provides in relevant part:

> **(b) Entering a Default Judgment.**
> **(2)** *By the Court.* In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegations by evidence; or
> **(D)** investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." A trial court is vested with broad discretion in deciding whether to enter a default judgment. Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

"After an entry of default, a defendant cannot defend a claim on the merits." Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003). In addition:

> Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . . Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded.

10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63

## FINDINGS AND CONCLUSIONS

I find and conclude as follows:

1. This action was commenced by the filing of a Verified Complaint for Forfeiture *In Rem* [Doc. # 1] on February 25, 2013. Jurisdiction exists pursuant to 28 U.S.C. §§ 1345 and 1355.

2. Notice of the action and a copy of the Verified Complaint were sent on March 13, 2013, by United States mail to the persons who reasonably appear on the facts known to the government to be potential claimants, in compliance with Supp. R. G(4)(b). Certificate of Service [Doc. # 7]. In addition, notice of the action was published for 30 consecutive days on an official internet government forfeiture site beginning February 27, 2013, in compliance with Supp. R. G(4)(a). Notice of Publication [Doc. # 8].

3. No claim to the property or answer to the Verified Complaint was filed on or before April 22, 2013, the time stated in the direct notice sent under Supp. R. G(4)(b); nor within 60 days after the first day of publication on an official internet government forfeiture site; nor at any time. Supp. R. G(5).

4. The defendant is $49,200.00 in United States currency, *in rem*, and is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service.

5. The Clerk of the Court entered default pursuant to Fed. R. Civ. P. 55(a) on April 30, 2013. Clerk's Entry of Default [Doc. # 10].

6. The unrefuted allegations of the Verified Complaint establish that the defendant $49,200.00 in United States currency is money furnished or intended to be furnished in exchange

for a controlled substance, proceeds traceable to an exchange of a controlled substance, or property used or intended to facilitate the exchange of a controlled substance. Verified Complaint [Doc. # 1] at ¶¶9-10, 21. Pursuant to 21 U.S.C. § 881(a)(6), "[a]ll moneys . . . .furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter" are subject to forfeiture to the United States.

## RECOMMENDATION

I respectfully RECOMMEND:

(1)     The Motion for Final Order [Doc. # 11] be GRANTED; and

(2)     A final order of forfeiture of defendant $49,200.00 in United States currency, including all right, title, and interest be entered in favor of the United States, giving the United States full and legal title to the $49,200.00 in United States currency, including the right to dispose of it in accordance with law; and that the final order of forfeiture serve as a Certificate of Reasonable Cause as to the $49,200.00 in United States currency under 28 U.S.C. § 2465.[1]

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 14, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge